IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION
No. 4:12-CV-302-BO

| | |
|---|---|
| CAREN FAULK, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>CAROLYN COLVIN, )<br>Acting Commissioner of Social Security, )<br>)<br>Defendant. )<br>_____ ) | **O R D E R** |

This matter is before the Court on the parties' cross-motions for judgment on the pleadings. [DE 17 & 22]. A hearing on this matter was held in Raleigh, North Carolina on January 30, 2014 at 2:00 p.m. For the reasons discussed below, this matter is REMANDED for further consideration by the Commissioner.

## BACKGROUND

On March 30, 2010, plaintiff filed applications for disability insurance benefits under Title II of the Social Security Act ("Act") and supplemental security income under Title XVI of the Act. Plaintifff alleged an onset date of October 5, 2005, due to a partially paralyzed left hand, high blood pressure, right hand problems from history of injury, diabetes, hip problems and tremors. Plaintiff's applications were denied initially and upon reconsideration. An Admisitrative Law Judge ("ALJ") held a hearing and issued a decision denying plaintiff's claim. On October 23, 2012, the Appeals Council denied review rendering the ALJ's decision the final decision of the Commissioner. Plaintiff now seeks judicial review of the Commissioner's final decision pursuant to 42 U.S.C. § 405(g).

## MEDICAL HISTORY

The ALJ found that plaintiff suffers from the severe impairments of diabetes, history of multinodular goiter, chronic right hand weakness, and chronic right hip pain. [Tr. 14]. Plaintiff has received treatment at Sparrow hospital [Tr. 327–335], Onslow Memorial Hospital [Tr. 260–78, 307–17]., Community Care Clinic [Tr. 249–59, 279–97, 323–26], Office Park Eye Center [Tr. 318–22], and State Agency Professionals [Tr. 70–111, 300–06]. Plaintiff received relatively limited, routine, conservative treatment for her impairments. [Tr. 16, 249–97, 307–26].

In 2001, plaintiff was admitted for severe diabetic ketoacidosis, mild pancreatitis, hypertension, hyperlipidemia, and mild obesity. [Tr. 327–35]. In March 2009, plaintiff's diabetes appeared to be in good control, her hypertension was improving, and she continued to lose weight, diet, and exercise. [Tr. 286]. On May 5, 2010, Dr. Murfin conducted a consultative hand examination based upon plaintiff's complaints of partial paralysis of the left hand, right hand problems due to a cut, hip problems, high blood pressure, diabetes and body tremors. [Tr. 301-06]. Plaintiff reported that her diabetes and hypertension were controlled with medication. [Tr. 302]. Dr. Murfin noted that plaintiff could not make a right fist due to weakness of the fourth and fifth finders and her grip strength was 4/5 bilaterally. [Tr. 304]. The small joints of the hand and wrist were all normal, she could raise both arms overhead, and she could rise from a chair without assistance. [*Id.*]. Based upon the exam, Dr. Murfin opined that her ability to stand and move about was significantly impaired and that she was able to hear, speak, and travel. [Tr. 299, 305].

In October, 2010, Dr. Cox completed RFC assessments based upon a review of the evidence and opined that plaintiff could perform a full range of light work (occasionally lift 20 pounds, frequently lift 10 pounds, sit, stand, or walk for 6/8 hours in an 8 hour workday, with

2

unlimited push/pull, with additional limitations to handling and fingering and avoiding concentrated exposure to hazards). [Tr. 106–08].

## **DISCUSSION**

When a social security claimant appeals a final decision of the Commissioner, the district court's review is limited to the determination of whether, based on the entire administrative record, there is substantial evidence to support the Commissioner's findings. 42 U.S.C. § 405(g); *Richardson v. Perales*, 402 U.S. 389, 401 (1971). Substantial evidence is defined as "evidence which a reasoning mind would accept as sufficient to support a particular conclusion." *Shively v. Heckler*, 739 F.2d 987, 989 (4th Cir. 1984)(quoting *Laws v. Celebrezze*, 368 F.2d 640, 642 (4th Cir. 1966)). If the Commissioner's decision is supported by such evidence, it must be affirmed. *Smith v. Chater*, 99 F.3d 635, 638 (4th Cir. 1996).

In making a disability determination, the ALJ engages in a five-step evaluation process. 20 C.F.R. § 404.1520; *see Johnson v. Barnhart*, 434 F.3d 650 (4th Cir. 2005). The analysis requires the ALJ to consider the following enumerated factors sequentially. At step one, if the claimant is currently engaged in substantial gainful activity, the claim is denied. At step two, the claim is denied if the claimant does not have a severe impairment or combination of impairments significantly limiting him or her from performing basic work activities. At step three, the claimant's impairment is compared to those in the Listing of Impairments. *See* 20 C.F.R. Part 404, Subpart P, App. 1. If the impairment is listed in the Listing of Impairments or if it is equivalent to a listed impairment, disability is conclusively presumed. However, if the claimant's impairment does not meet or equal a listed impairment then, at step four, the claimant's residual functional capacity ("RFC") is assessed to determine whether plaintiff can perform his past work despite his impairments. If the claimant cannot perform past relevant work, the analysis moves

3

on to step five: establishing whether the claimant, based on his age, work experience, and RFC can perform other substantial gainful work. The burden of proof is on the claimant for the first four steps of this inquiry, but shifts to the Commissioner at the fifth step. *Pass v. Chater*, 65 F.3d 1200, 1203 (4th Cir. 1995).

Here, the ALJ erred at step four of the sequential evaluation. The ALJ's finding that plaintiff could return to her past relevant work is not supported by substantial evidence in the record. Indeed, the substantial evidence in the record establishes that plaintiff cannot return to her past relevant work.

The ALJ found plaintiff had an RFC of light and further limited her to a limited range of light work which included frequent bilateral fingering, handling, and grasping. [Tr. 15]. Under the ALJ's RFC, Ms. Faulk would be expected to use her hands for fine manipulation for about two-thirds, or just under 6 hours, of an eight hour workday. The ALJ based his decision in part on a faulty credibility determination. Although required to specify the reasons for the finding on credibility based on the evidence in the case record, the ALJ failed to list any valid reason for discounting the testimony of plaintiff. The ALJ simply stated that plaintiff's testimony was not credible because of her routine and conservative treatment and because her testimony revealed that her conditions were not disabling. [Tr. 16]. Plaintiff's treatment was limited because she did not have sufficient financial resources to pursue more extensive treatment options. This is a justifiable reason for lack of treatment. SSR 96-7p. Plaintiff's testimony was consistent with limiting her use of hands to occasional. Therefore the ALJ's credibility determination was flawed. Giving plaintiff's testimony the proper weight, it is clear to this Court that the ALJ's finding at step four that plaintiff could use her hands frequently and therefore could perform her past relevant work is not supported by substantial evidence.

Ms. Faulk has been diagnosed with Carpal Tunnel Syndrome, [Tr. 323. 325], and testified that she was unable to type and perform her job as she once had and was fired as a result. [Tr. 31]. Dr. Murfin noted plaintiff's decreased grip strength [Tr. 304]. He also noted her tremors and determined that her thyrotoxicosis, [Tr. 316–17], was probably causing her weakness and possibly causing her tremors, and was likely present and symptomatic for about four or five years prior to his 2010 evaluation. [Tr. 305]. As a result of the tremors and Carpal Tunnel Syndrome the evidence in the record shows that it would have been more appropriate to limit plaintiff to only occasional handling, grasping, and fingering. This would allow her to use her hands for one third of her workday.

This difference means that plaintiff would not be able to perform her past relevant work. The Vocational Expert ("VE") testified that an individual limited to the ALJ's RFC with the additional limitation to only occasional handling and fingering could not perform Ms. Falk's past work as an office assistant. [Tr. 51–52]. If a plaintiff cannot perform her past relevant work, the evaluation moves to step five to whether the claimant, based on her age, work experience, and RFC can perform other substantial gainful work. *Chater*, 65 F.3d at 1203. Because the ALJ did not consider step five of the evaluation process, the proper course here is to remand the case to the agency so it can make the initial determination at step five.

## CONCLUSION

For the foregoing reasons, the plaintiff's motion for judgment on the pleadings is GRANTED, and the matter is REMANDED to the Commissioner for further proceedings consistent with this decision.

SO ORDERED.

This _15_ day of February, 2014.

TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE

6

Case 4:12-cv-00302-BO   Document 29   Filed 02/18/14   Page 6 of 6